UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DARLEEN SUSAN MELMET,  No. 05-13895

                      Debtor(s).
_____/

JEFFRY LOCKE, Trustee,

                      Plaintiff(s),

      v.  A.P. No. 05-1148

STANLEY ROSENBERG,

                      Defendant(s).
_____/

## Memorandum After Trial

       In early 2004, debtor Darleen Melmet was a principal in a business known as Smartsource, Inc. The business was in severe financial trouble, and both it and Melmet had been sued by at least one substantial creditor. That creditor still exists today and has not been paid.

       Melmet sold her home in April, 2004, and netted $115,934.16, which was substantially all of her assets. She then entered into a conspiracy with her live-in companion, defendant Stanely Rosenberg, to hinder and defraud her creditors. Pursuant to the conspiracy, they agreed that Rosenberg would deposit

1

$115,000.00 of the funds into his bank account and then disburse it back to her as she desired and directed. He also gave her a debit card so she could access the funds directly.

Melmet filed her Chapter 7 petition on October 13, 2005. At that time, Rosenberg still had about $11,000.00 of Melmet's money in his bank account. In this adversary proceeding Jeffry Locke, the Chapter 7 trustee of her estate, seeks to recover the transfer of the home sale proceeds to Rosenberg as a fraudulent transfer.

Rosenberg's argument that he was but an innocent "stakeholder" has no merit for two reasons. First, it appears that Melmet explained to him that she needed him to hold the money so a creditor could not seize it. She may have told him that the creditor she feared was her former partner, but that hardly matters; the salient fact was that a creditor might levy against the funds if Rosenberg did not hold them for her.

Second, it was clear from Rosenberg's demeanor on the stand that he was a willing participant in Melmet's scheme and not just a naive victim of Melmet's machinations. Rosenberg is mature, intelligent and appears well versed in the ways of the world. He clearly understood exactly why Melmet wanted him to keep her money in his bank account.

On the date Melmet transferred her funds to Rosenberg, there was at least one unsecured creditor who could have avoided the transfer as fraudulent under state law. That creditor still exists, and has an allowable claim. Accordingly, the trustee in bankruptcy has that power pursuant to § 548(b)(1) of the Bankruptcy Code to recover the transfer to the same extent. Since Rosenberg was an active conspirator with full knowledge of Melmet's desire to hide her funds from her creditors, he is not a good faith transferee and is not entitled to any of the protections set forth in sections 550(b)(1) and 550(e), and is not entitled to any credit for funds he disbursed to Melmet or on her behalf pursuant to their scheme.

Moreover, one who conspires with a debtor to hinder creditors is liable for damages in tort. *Taylor v. S & M Lamp Co.* (1961) 190 Cal.App.2d 700, 706. The damages in this case are the

2

$115,000.00 hidden from creditors, regardless of what Rosenberg did with them.[1]

For the foregoing reasons, judgment shall be rendered in favor of plaintiff in the amount of $115,000.00, plus interest from and after May 5, 2004. Plaintiff shall also recover costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiff shall submit an appropriate form of judgment forthwith.

Dated: September 11, 2006

/s/ Alan Jaroslovsky
Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The court would have added punitive damages if plaintiff had asked for them.

| | |
|---|---|
| 1 | **CERTIFICATE OF MAILING** |
| 2 | |
| 3 | |
| 4 | I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify: |
| 5 | |
| 6 | That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below. |
| 7 | |
| 8 | |
| 9 | Dated: September 11, 2006    By :    Katie Andersen<br>                                          Katie Andersen<br>                                          Deputy Clerk |
| 10 | |
| 11 | Stanley Rosenberg<br>19125 Orange Avenue<br>Sonoma, CA 95476 |
| 12 | |
| 13 | Office of the U.S. Trustee / SR<br>235 Pine Street, Suite 700<br>San Francisco, CA 94104 |